REYNOLDS v. BUZZELL.

(Circuit Court of Appeals, First Circuit. September 14, 1899.)

No. 271.

1. PATENTS—INVENTION.

Where an inventor has devised a machine or tool for doing work which previously had been done only by hand, and the utility of the device is at once recognized by the trade, a court will not declare the patent void for want of invention simply because the result accomplished may be effected by the modification of an old structure used for a different purpose.

2. SAME—TOOL FOR GRINDING SHOE HEELS.

The Buzzell patent, No. 317,622, for a tool for grinding and polishing the front of boot and shoe heels, discloses patentable invention, and was not anticipated by the Rogers patent, No. 227,839, for scouring the soles of boots and shoes.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Oliver R. Mitchell, for appellant.

Charles Allen Taber, for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

COLT, Circuit Judge.    This is an appeal from a decree of the circuit court sustaining the validity of the complainant's patent, No. 317,622, and holding that the defendant infringed the third claim thereof.    The patent relates to a tool for grinding and polishing the front of boot and shoe heels.    Before this invention the work was done with sandpaper in the hand of the operator.    Tools for abrading the sole of a shoe were old, but Buzzell was the first to devise a tool adapted to reach and scour the concave front of the heel. The Buzzell tool has proved to be useful, and the demand for it is extensive.    We are not dealing in this case with an improvement in an old device for doing the same work, but with a tool which for the first time in the shoe art accomplished a certain result, and where the old devices which had been in existence for some years did not, apparently, suggest to the skilled mechanic the means by which this particular thing could be done.    Where an inventor has devised a machine or tool for doing work which previously had been done only by hand, and the utility of the device is at once recognized by the trade, the court should hesitate to declare the patent void for want of invention simply because what was done may be effected by the modification of an old structure used for a different purpose.

The Buzzell tool consists of an abrading disk with a cushioned peripheral face oblique to its axis, and with a circumferential guard to secure the abrading band in position upon the peripheral face of the disk.    The third claim of the patent is as follows:

"(3) An abrading disk formed with a cushioned peripheral face oblique to its axis, and with a circumferential guard, i, adapted to sustain the abrading band, h, and secure it in position upon the disk, substantially as specified."

The patentee in his specification says:

"I am well aware that it is old, common, and well known to mount a disk of sandpaper upon the cushioned face or plane of a rotary disk, and I am also aware that it is equally well known to mount a band of sandpaper upon the periphery of a rotary disk or roll; hence I claim neither broadly, or in the abstract,—my invention consisting in the method and means of securing the disk of sandpaper in place upon the plane of the cushion, in a disk having a peripheral face oblique to its axis, and with a guard to prevent displacement of the band of sandpaper, and in the resulting combinations."

In the prior art it was old to mount a band of sandpaper upon the periphery of a disk for the purpose of scouring the soles of boots and shoes, as shown in the Messer patent of 1873.    It was also old to so locate an abrading band in a dental polishing tool, as seen in the Locke patent of 1875.    But neither of these tools was adapted to perform the work of grinding and polishing the breast of a shoe heel.

The anticipation chiefly relied upon by the defendant is the Rogers tool, described in patent No. 227,839, dated May 18, 1880.    The Rogers tool was designed "to reach and scour all parts of the soles of boots and shoes, and particularly the hollow of the shanks thereof,

as well as the junction of the sole and heel." The prominent feature of that device is the elastic pad. The specification says:

"In my improved buffer an elastic pad is composed of an elastic stuffing inclosed within the pad covering, which latter is composed of two distinct parts, viz. a circular piece of emery cloth or other or similar abrasive material that is united, preferably by sewing it all around its periphery, to an annular or ring-shaped piece of leather, skin, or suitable yielding material, by which arrangement a pocket is, as it were, formed for the reception of the elastic pad, at the same time as the inner edge of the annular ring part, above described, serves for the purpose of securing the pad covering and its pad to the holder."

The Rogers tool is not adapted to scour the breast of a shoe heel. The abrasive material is located on the front of the disk, and not on its peripheral face, as in the Buzzell tool. There is also an important structural difference in the two devices. The Buzzell disk is so shaped as to give a more solid support to the cushion on which the abrading band is mounted. On this point Charles F. Brown, defendant's expert, says:

"The plaintiff [Buzzell] has given the cushion-supporting disk a different shape from that shown in the Rogers patent, by extending it outwardly so as to give the cushion a hard center nearly to its outer end."

It appears from some experiments by defendant's witnesses that, by covering the peripheral face of the Rogers disk with sandpaper, you can abrade the front of a shoe heel. But we are not satisfied that the Rogers tool, with this addition, is a practical and commercial device for doing this work, by reason of its elastic pad feature and the form of the disk. The more carefully we examine the evidence on the changes and modifications which must be made in prior structures to produce the Buzzell tool, the stronger grows the conviction that the patent is not void for want of invention, and that the conception of this device involved something beyond what would suggest itself to the skilled mechanic. All the elements which compose the combination described in the third claim of the patent are found in defendant's device, except the circumferential guard. As to the latter, we think the cup guard in defendant's tool is clearly the equivalent of the patented guard, and it follows that the defendant infringes the third claim of the patent. The decree of the circuit court is affirmed, with costs.